IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-03666-PAB

KERI L. VIEGAS, and
JAMES VIEGAS,

    Plaintiff,

v.

TH MSR HOLDINGS LLC, et al.,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 2].[1] Defendant Kelly McPherson filed a response. Docket No. 21. Defendants Chuck Broerman and El Paso County, Colorado ("El Paso County") filed a response.[2] Docket No. 22. Plaintiffs filed a reply. Docket No. 23.

**I.   BACKGROUND**

On April 17, 2025, defendant TH MSR Holdings LLC ("MSR Holdings") initiated foreclosure proceedings against plaintiffs pursuant to Colo. R. Civ. P. 120 in the District Court for El Paso County, Colorado. *See TH MSR Holdings LLC. v. Viegas,* Case No. 2025CV03836. The property at issue is located at 17 South Sherwood Glen,

---

[1] Because plaintiffs are proceeding pro se, the Court construes their filing liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]

Monument, Colorado. *See* Docket No. 2 at 1. On October 23, 2025, a Rule 120 hearing was held before Judge Kelly McPherson. *See TH MSR Holdings LLC*, Case No. 2025CV030836. On October 27, 2025, the case was administratively closed and Judge McPherson entered an order authorizing the foreclosure sale. *See id.* Because the foreclosure order included the incorrect case number in the caption, Judge McPherson issued a corrected version of the order on October 29, 2025. *See id.* The foreclosure sale is scheduled for December 3, 2025. *See* Docket No. 22 at 4.

Plaintiffs filed this case on November 14, 2025 against defendants MSR Holdings, Brian G. Sayer, James G. Siler, Roundpoint Mortgage Servicing LLC ("Roundpoint"), El Paso County Public Trustee Chuck Broerman, in his individual and official capacity, El Paso County, Judge Kelly McPherson, and Zillow, Inc. ("Zillow").[3] Docket No. 1. Plaintiffs' claims arise out of the foreclosure proceedings. *See id*. at 1-3. Plaintiffs allege that MSR Holdings is the lender and "foreclosing party" on the property at issue, and Roundpoint is a mortgage servicing company that "transmitted false information regarding Plaintiffs' alleged default and ownership status." *See id.* at 3. Plaintiffs allege that defendants are "private parties, real-estate attorneys, a mortgage servicer, the El Paso County Public Trustee, and a state judicial officer acting under color of state law" who "deprived Plaintiffs of constitutional due process of law, published false information about Plaintiffs' private real property, slandered title, manipulated the foreclosure process, and attempted to coerce payments by means of a void foreclosure order entered after the case was closed." *Id.* at 2. Specifically,

---

[3] MSR Holdings, Mr. Sayer, Mr. Siler, Roundpoint, and Zillow have not yet appeared in this case.

plaintiffs assert claims under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. *See id*. at 12-13. The complaint asserts "claims" for "Civil Right Conspiracy," "Failure to Prevent Conspiracy," "Fraud and Constructive Fraud," "Abuse of Process," "Slander of Title," "Negligence/Gross Negligence," "FDCPA Violations," "Declaratory Judgment," "Quiet Title," "Injunctive Relief," "Wrongful Foreclosure," "Violation of Anti-Peonage Act," "Unfair, Deceptive, Abusive Acts or Practices," and "Fraudulent Scheme to Deprive Property." *See id.* at 13-18.

## II. ANALYSIS

### A. Standard for Granting Preliminary Injunctive Relief

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th

Cir. 1984). The same considerations apply to the issuance of a temporary restraining order. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

### B. Nature of Plaintiffs' Motion

Plaintiffs' "emergency motion" is eight pages long and consists of an outline of bullet points with citations to exhibits, which are attached to the motion. See Docket No. 2 . The grounds for the motion are not clear. Plaintiffs' outline format does not include explanation of their arguments or explanation of legal authority for their requested relief. Moreover, plaintiffs cite evidence without explanation as to the evidence's significance or why such evidence entitles them to preliminary relief. See *id.* The Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); see also *Hum. Rts. Def. Ctr. v. Grisham*, 2025 WL 2051451, at *6 (D.N.M. July 22, 2025) ("A party who makes only 'broad, conclusory statements' in support of his argument will generally be held to have waived the issue for failure to develop it.") (quoting *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 880 & n.9 (10th Cir. 1997)).

Plaintiffs attach a proposed order, through which the Court infers that plaintiffs are seeking the following injunctive relief:

  a. An order enjoining TH MSR Holdings LLC from conducting, noticing, publishing, postponing, rescheduling, or executing any foreclosure sale involving the property located at: 17 South Sherwood Glen, Monument Colorado 80132.

  b. An order enjoining RoundPoint Mortgage Servicing LLC RoundPoint Mortgage Servicing LLC from transmitting, reporting, publishing, or disseminating any foreclosure status, default status, or related information concerning the above property to any third party.

    c. An order enjoining Chuck Broerman, El Paso County Public Trustee from noticing, advertising, publishing, postponing, continuing, or executing any foreclosure sale involving the above property, and from taking any further action to enforce, act upon, or rely upon the purported foreclosure order dated October 27 or October 29, 2025.

    d. An order enjoining Zillow, Inc. from listing, publishing, displaying, or representing Plaintiffs' property as "For Sale," "Foreclosure," "Pre-Foreclosure," or any similar status on any platform, website, or data feed.

    e. An order enjoining Judge Kelly J. McPherson from enforcing, implementing, or acting upon the purported foreclosure orders issued on October 27 and October 29, 2025, in Case No. 25CV30836, and from taking further action to authorize or ratify a foreclosure sale involving Plaintiffs' property

    f. An order that plaintiffs shall remain in possession of the property, and title and status shall be preserved pending further proceedings.

*See* Docket No. 2 at 49-51. Plaintiffs do not explain the claims that are the basis for their requested relief or otherwise make allegations that support the requested relief.

    **C. Request to Enjoin Mortgage Companies**

Plaintiffs seek an order that enjoins MSR Holdings from conducting the December 3 sale and RoundPoint from providing information, such as default status, concerning the property. Plaintiffs do not explain why they are entitled to injunctive relief or how such requests are linked to the claims in their complaint. Plaintiffs seek an order that enjoins MSR Holdings from "conducting, noticing, publishing, postponing, rescheduling, or executing any foreclosure sale," *see* Docket No. 2 at 49, but they do not explain how they satisfy the four requirements for obtaining injunctive relief against MSR Holdings. Plaintiffs point to no factual allegations in support of their requested relief. The only allegation noted in the motion is that "TH MSR Holdings uploaded 'evidence' after case closure without notice." *See id.* at 2. Plaintiffs do not explain what this evidence is or why the fact that MSR Holding uploaded such evidence suggests

5

that the Court should enjoin MSR Holdings from participating in the foreclosure sale. Similarly, plaintiffs request that the Court enjoin Roundpoint from "transmitting, reporting, publishing, or disseminating any foreclosure status, default status, or related information concerning the above property to any third party" without noting any allegations concerning Roundpoint's conduct that supports their requested relief. *See id.* at 50. Furthermore, plaintiffs do not explain Roundpoint's role in the December 3 sale.

Accordingly, plaintiffs fail to show that they are likely to succeed on the merits of their claims against MSR Holdings and Roundpoint. *See Soesbe v. Countrywide Home Loans,* No. 09-cv-01961-PAB-KMT, 2009 WL 3418212, at *3 (D. Colo. Oct. 20, 2009) ("Because plaintiff bears the burden of proof under the preliminary injunction standard, the failure to aver sufficient detail in the factual allegations precludes the issuance of a preliminary injunction.") (citing *Beltronics*, 562 F.3d at 1070, 1075); *Waterman v. Harred*, 2025 WL 317492, at *4 (D. Kan. Jan. 28, 2025) ("Our court has concluded that the court, at the preliminary injunction stage, need only accept as true plaintiff's well-pleaded *factual* contentions, not his conclusory allegations.") (internal quotations and citation omitted).

Turning to irreparable harm, plaintiffs state that they filed a Notice of Intent to Cure that was submitted to "prevent immediate loss of their home."[4] Docket No. 1 at 8. Therefore, plaintiffs have represented that they will pay off the default on their mortgage pursuant to Colo. Rev. Stat. § 38-38-104, which belies their assertion of irreparable

---

[4] Plaintiffs allege that they "were coerced into filing an Intent to Cure under duress on Nov. 13, 2025." Docket No. 2 at 3. Plaintiffs provide no support for this allegation.

6

harm from the upcoming foreclosure sale. *See Moore v. One W./Indy Mac Bank*, No. 10-cv-01455-REB-CBS, 2010 WL 3398855, at *7 (D. Colo. July 12, 2010) (finding that plaintiff failed to show irreparable harm from an upcoming foreclosure sale because she "retains a right to redeem following a foreclosure sale and any subsequent harm in losing her property may be compensated by money damages"); *Wike v. Douglas Cnty.*, 2023 WL 7181621, at *2 (D. Neb. Sept. 15, 2023) ("to the extent her motion can be read as requesting enjoinment of the foreclosure proceedings, the Court cannot say such harm would be irreparable given the option [plaintiff] has to pay whatever delinquencies she owes to prevent or halt foreclosure of her property"). Thus, plaintiffs fail to show that they will face irreparable harm from the foreclosure proceedings absent preliminary relief.

Because plaintiffs have failed to show a likelihood of success on the merits and irreparable harm, the Court will deny plaintiffs' request for an injunction against MSR Holdings and Roundpoint.

### D. Request to Enjoin Mr. Broerman

Plaintiffs seek an order that enjoins Mr. Broerman from "noticing, advertising, publishing, postponing, continuing, or executing any foreclosure sale involving the above property, and from taking any further action to enforce, act upon, or rely upon the purported foreclosure order dated October 27 or October 29, 2025." *See* Docket No. 2 at 50. Plaintiffs fail to point to any allegations concerning Mr. Broerman or tie their request for relief to their claims. Plaintiffs do not explain what Mr. Broerman's role is in the December 3 sale and therefore fail to explain why injunctive relief would be appropriate to prevent alleged injuries arising out of the foreclosure proceedings.

7

Accordingly, plaintiffs fail to show a likelihood of success on the merits on their claims against Mr. Broerman. *See Escobar v. Reid,* 348 F. App'x 387, 389 (10th Cir. 2009) (denying motion for preliminary injunction where plaintiff's "conclusory statements do not demonstrate a likelihood of success on the merits of his case").

### E. Request to Enjoin Zillow

Plaintiffs seek an order that enjoins Zillow from publishing the property's foreclosure status.[5] Plaintiffs claim that "[m]ultiple third parties have already entered Plaintiffs' landed-patented property believing it was for sale." *See* Docket No. 2 at 4. Plaintiffs do not point to any allegations suggesting they are entitled to such relief against Zillow. Plaintiffs merely allege that "Zillow pushed Plaintiffs' home to market as 'For Sale'" and conclude, without factual support, that doing so constitutes "Slander of title + actionable negligence." *See id*. Plaintiffs' conclusory statements fail to show a likelihood of success on their claims against Zillow.

Furthermore, plaintiffs fail to show irreparable harm from Zillow's conduct and the alleged trespassers. "A showing of irreparable harm . . . . requires a demonstration that the act sought to be enjoined is causally-connected to the injury the movant believes is imminent; otherwise, the injunction would be ineffective at preventing the harm." *GDHI Mktg., LLC v. Antsel Mktg., LLC*, No. 18-cv-02672-MSK-NRN, 2019 WL 851119, at *3 (D. Colo. Feb. 22, 2019). Plaintiffs make no allegations suggesting that the Zillow listing caused individuals to trespass; therefore, there are no allegations suggesting that future trespassing is imminent based on Zillow's conduct. To the extent that plaintiffs allege

---

[5] It does not appear that plaintiffs' requested injunctive relief against Zillow is related to the December 3 sale.

defendants other than Zillow caused and will continue to cause trespassing, *see* Docket No. 1 at 15, there are no allegations suggesting that other defendants' conduct is causally connected.[6] Plaintiffs therefore fail to show that the alleged harm is connected to Zillow's conduct

Accordingly, plaintiffs fail to show that they are entitled to injunctive relief against Zillow.

### F. Request to Enjoin Judge McPherson

Plaintiffs seek an order that enjoins Judge McPherson from "enforcing, implementing, or acting upon the purported foreclosure orders issued on October 27 and October 29, 2025, in Case No. 25CV30836, and from taking further action to authorize or ratify a foreclosure sale involving Plaintiffs' property pending further order of this Court." *See* Docket No. 2 at 50. Plaintiffs make no allegations that suggest Judge McPherson will take further action in connection to the October 27 or October 29 orders. Plaintiffs make no allegations suggesting that Judge McPherson will take any action in connection to the upcoming foreclosure sale. The only allegations that plaintiffs make regarding Judge McPherson concern her "Oath of Office" and the fact that she allegedly had "no jurisdiction to enter orders after a case has closed." *See id.* at 3. Plaintiffs do not explain why these allegations support their request that Judge McPherson be barred

---

[6] For the first time in reply, plaintiffs appear to suggest that "harassment," in the form of marketing calls and text messages regarding the foreclosure, constitutes irreparable harm. *See* Docket No. 23 at 2-4. "[A]rguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Moreover, plaintiffs fail to connect this alleged harassment to any of defendants' conduct.

from "taking further action to authorize or ratify a foreclosure sale."[7]  *See id.* at 50.  Accordingly, plaintiffs fail to show a likelihood of success on the merits of their claims against Judge McPherson.

For each of their requested forms of relief, plaintiffs have failed to satisfy at least one of the factors that is necessary for the issuance of a preliminary injunction or temporary restraining order.  Therefore, the Court will deny plaintiffs' motion.  *See State v. EPA*, 989 F.3d 874, 890 (10th Cir. 2021) ("When the failure to satisfy one factor is dispositive, a court need not consider the other factors."); *Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434, at *3 (D. Colo. Jan. 3, 2013) ("The Court need not reach the other factors of the inquiry because, absent a showing of irreparable harm, Ms. Fasi does not provide sufficient support for issuance of injunctive relief.").

### III. CONCLUSION

Therefore, it is

---

[7] It appears that plaintiffs' allegations against Judge McPherson are an attempt to overcome the *Rooker-Feldman* bar.  *See* Docket No. 2 at 3 ("Plaintiffs do not seek to review any state-court judgment but challenge acts taken without jurisdiction, so the Rooker-Feldman doctrine does not apply.").  Moreover, there is no merit to plaintiffs' allegations.  Plaintiffs claim that "Judge McPherson Lacked a Filed Oath of Office," *see id*. at 3; however, Judge McPherson did file an oath of office.  *See* Docket No. 21-1.  Plaintiffs contend that Judge McPherson issuing a corrected foreclosure order after the case was administratively closed was an action "taken without jurisdiction."  *See* Docket No. 1 at 6.  However, courts are permitted to take action in cases after they are administratively closed, including to correct clerical errors.  *See, e.g.*, *Witt v. Lane*, 2020 WL 14046331, at *1 (Colo. App. May 28, 2020) (explaining that the district court issued an order "stating that it understood all claims in the case had been resolved and, based on that understanding, the case was closed" but "invited the parties to correct its understanding by filing a pleading that clarifies the situation") (internal quotation omitted).

**ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 2] is **DENIED**.

DATED December 1, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge
