IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03666-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

Plaintiffs,

v.

TH MSR HOLDINGS LLC, et al.,

Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 64] regarding the motions to dismiss of defendants Brian Sayer, Zillow, Inc. ("Zillow"), Judge Kelly J. McPherson, Jamie G. Siler, El Paso County Trustee Chuck Broerman and El Paso County, Colorado ("El Paso County"), and TH MSR Holdings LLC ("MSR Holdings") and RoundPoint Mortgage Servicing LLC ("RoundPoint") (collectively, "the Lender Defendants"). Docket Nos. 26, 34, 36, 40, 58, 60. The Lender Defendants and plaintiffs Keri L. Viegas and James Viegas filed objections. Docket Nos. 65, 66. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 64 at 2-5, and the Court adopts them for purposes of ruling on the objections. To the

extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On November 14, 2025, plaintiffs filed this case, alleging that defendants "deprived Plaintiffs of constitutional due process of law, published false information about Plaintiffs' private real property, slandered title, manipulated the foreclosure process, and attempted to coerce payments by means of a void foreclosure order." Docket No. 1 at 2.

The complaint asserts the following federal law claims: (1) violation of plaintiffs' due process rights pursuant to 42 U.S.C. § 1983 against all defendants except Zillow; (2) unconstitutional taking of property pursuant to 42 U.S.C. § 1983 against all defendants except Zillow, Mr. Sayer, and, Mr. Siler; (3) civil rights conspiracy pursuant to 42 U.S.C. § 1985(3) against all defendants; (4) failure to prevent a civil rights conspiracy pursuant to 42 U.S.C. § 1986 against El Paso County; (5) violation of the Fair Debt Collection Practices Act ("FDCPA") against the Lender Defendants, Mr. Sayer, and Mr. Siler; (6) violation of the Anti-Peonage Act against all defendants except Judge McPherson and El Paso County; and (7) unfair, deceptive, abusive acts or practices in violation of 12 U.S.C. § 5536 against the Lender Defendants, Mr. Sayer, and Mr. Siler. *See* Docket No. 1 at 12-17. The complaint asserts the following state law claims: (1) fraud and constructive fraud against the Lender Defendants, Mr. Sayer, and Mr. Siler; (2) abuse of process against all defendants; (3) slander of title against Zillow and the Lender Defendants; (4) negligence and gross negligence against Zillow; (5) quiet title against all defendants; (6) wrongful foreclosure against the Lender Defendants, Mr. Sayer, Mr. Siler, and Mr. Broerman; and (7) civil conspiracy against the

Lender Defendants, Mr. Sayer, Mr. Siler, and Mr. Broerman. *Id.* at 14-19. Plaintiffs do not object to the magistrate judge's characterization of plaintiffs' claims for relief. *See generally* Docket No. 66.

Defendants filed motions to dismiss. Docket Nos. 26, 34, 36, 40, 58, 60. On February 16, 2026, the magistrate judge issued his recommendation that defendants' motions be granted, plaintiffs' requests for injunctive and declaratory relief be dismissed without prejudice, plaintiffs' federal claims be dismissed with prejudice, and that the Court decline to exercise supplemental jurisdiction over plaintiffs' state law claims. Docket No. 64 at 13-25.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R.

Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. The Lender Defendants' Objection Regarding *Rooker-Feldman* and Claim Preclusion

The Lender Defendants object to the magistrate judge's finding that plaintiffs' claims are not barred by the *Rooker-Feldman* doctrine. *See* Docket No. 65 at 3-8. The Lender Defendants argue that the Tenth Circuit has already found that *Rooker-Feldman* bars plaintiffs' claims. *See id.* at 3-6. The Lender Defendants also argue that the recommendation does not properly apply the *Rooker-Feldman* doctrine because, "at the time this case was filed, the Court did not have jurisdiction under *Rooker Feldman* to review the Foreclosure Order." *Id.* at 6.

The *Rooker-Feldman* doctrine is "tied to Congress's decision to vest federal appellate jurisdiction over state court judgments exclusively in the United States Supreme Court." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); 28 U.S.C. § 1257)). The *Rooker-Feldman* doctrine implicates a court's subject matter jurisdiction and applies where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review

and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). The *Rooker-Feldman* doctrine is implicated when a litigant's claim seeks to "modify or set aside a state court judgment." *Graff*, 65 F.4th at 515; *see also Williams v. HSBC Bank USA, N.A.*, 681 F. App'x 693, 695 (10th Cir. 2017) (unpublished) ("the type of judicial action barred by *Rooker-Feldman* consists of a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law" (internal quotation, alteration, and citation)); *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (holding that *Rooker-Feldman* applies to "claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment" (citation omitted)). However, "*Rooker-Feldman* does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment." *Graff*, 65 F.4th at 515.

The Court first addresses whether the state court rendered judgment before plaintiffs filed this federal case. As the Lender Defendants note, whether a state court judgment is final for purposes of *Rooker-Feldman* is evaluated at the time that the federal case is filed. *See* Docket No. 65 at 6-7. For instance, in *Covington v. Humphries*, 2025 WL 1448661, at *1 (10th Cir. May 19, 2025), the Tenth Circuit considered plaintiff's claims arising out of a state court domestic relations case. The district court dismissed the claims, finding that *Rooker-Feldman* precluded the court from exercising subject matter jurisdiction. *See id.* The Tenth Circuit reversed the district court's ruling, holding that *Rooker-Feldman* did not apply because, when plaintiff filed her federal complaint, the state court order she was challenging was on appeal to the Colorado Court of Appeals. *Id.* at *2. While the Colorado Court of Appeals' decision

had since been issued, the Tenth Circuit held that the decision being handed down did "not affect this conclusion because it was handed down after the March 2023 federal suit filing date." *Id.* at *3. Therefore, the Tenth Circuit found that the state court proceedings were not final for purposes of *Rooker-Feldman*. *Id.* at *2-3 (citing *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) ("the relevant inquiry [for *Rooker-Feldman*] is whether, at the time the federal action was filed, the [state court] judgment . . . was final and appealable under [state] law and, if so, whether [plaintiff's] time for taking an appeal had run")).

On October 27, 2025, in plaintiffs' state foreclosure proceedings under Colo. R. Civ. P. 120 (the "Rule 120 Proceedings"), the state court entered an order authorizing the foreclosure sale (the "Foreclosure Order").[1] Plaintiffs filed this case on November 14, 2025. *See* Docket No. 1. The Lender Defendants contend that, because plaintiffs filed this case after the Foreclosure Order was issued, plaintiffs are challenging a final order that implicates *Rooker-Feldman*, even if the Rule 120 Proceedings were later dismissed after plaintiffs cured their default. *See* Docket No. 65 at 6. Although the Foreclosure Order had been issued by the time this case was filed, the Rule 120 Proceedings were still ongoing because a foreclosure sale had yet to occur. Thus, *Rooker-Feldman* does not bar plaintiffs' claims. *See Labonte v. Bokf, N.A.*, No. 25-cv-02947-MDB, 2026 WL 369375, at *3 (D. Colo. Feb. 10, 2026) (agreeing with plaintiff

[1] The Court takes judicial notice of the state court docket in Case No. 2025CV030836. *See Tal v. Hogan,* 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record when considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts").

that "*Rooker-Feldman* is not implicated here because a Rule 120 foreclosure order is not a final judgment, and the foreclosure sale has yet to occur"); *Grigat v. Mortg. Lenders Network, USA,* No. 17-cv-01305-CMA-MEH, 2017 WL 4251943, at *3 (D. Colo. Sept. 26, 2017), *report and recommendation adopted sub nom.*, 2017 WL 6033686 (D. Colo. Oct. 31, 2017) ("if the state court has only authorized the sale, the proceedings are not final, and federal district courts may exercise jurisdiction").

The Lender Defendants' reliance on the Tenth Circuit's order in *Viegas v. Kane*, 2025 WL 2089402 (10th Cir. July 25, 2025), is unavailing. *See* Docket No. 65 at 5-6. In *Kane*, the Tenth Circuit did not discuss whether plaintiffs were challenging an order that was final for purposes of *Rooker-Feldman*. Instead, the Tenth Circuit discussed whether plaintiffs' Fourth and Fifth Amendment claims were requests to "reverse or undo the state court's order authorizing the foreclosure sale of their property." *Kane*, 2025 WL 2089402, at *3 (internal quotation and citation omitted). Here, plaintiffs allege other causes of action beyond Fourth and Fifth Amendment claims. Furthermore, the Court finds that plaintiffs' claims here are not limited to challenging the Foreclosure Order. Rather, plaintiffs challenge the Rule 120 proceedings as a whole.

The Lender Defendants also argue that, "[f]or each remaining claim that does not seek the reexamination of or undoing of the Foreclosure Order . . ., all claims should also be dismissed, with prejudice, based on the doctrine of res judicata." *See* Docket No. 65 at 8-9. "The doctrine of res judicata, or claim preclusion, [ ] prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment. . . . To apply claim preclusion, three elements must exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the

two suits; and (3) identity of the cause of action in both suits." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (citations, quotations, and alterations omitted). Claim preclusion "is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (citation omitted). The court considers the fairness of the prior proceeding "by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *See Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1230 (10th Cir. 2025) (citation omitted). "Because claim preclusion is an affirmative defense, the proponent of preclusion bears the burden to show that the three preclusion factors are satisfied, and that the full and fair opportunity exception is unavailing." *Id*. (internal quotation and citation omitted).

As discussed below, the Court finds that dismissal with prejudice of plaintiffs' federal claims is proper pursuant to Rule 12(b)(6). Moreover, the Lender Defendants, in both their motion to dismiss and objection, do not address the elements of claim preclusion or explain why the full and fair opportunity exception is unavailing. The Lender Defendants therefore do not meet their burden to establish the applicability of claim prelusion. *See id.* The Lender Defendants also do not explain why claim preclusion applies, in light of the fact that new Rule 120 Proceedings are at issue in this case.

Therefore, the Court will overrule the Lender Defendants' objection regarding *Rooker-Feldman* and res judicata and address the merits of plaintiffs' claims.

**B. <u>Due Process and Unconstitutional Takings Claims</u>**

The magistrate judge recommends dismissal with prejudice of plaintiffs' due process and unconstitutional takings claims against the private defendants because plaintiffs fail to plausibly allege state action as required under 42 U.S.C. § 1983. *See* Docket No. 64 at 13-19. The recommendation also finds that plaintiffs fail to plausibly allege a violation of their constitutional rights against the state defendants. *See id.*

Plaintiffs object, arguing that they have plausibly alleged a § 1983 claims against the defendants who are private actors because they allege "that Defendants invoked and utilized a state-created foreclosure regime, acted through a Public Trustee operating under statutory authority, and continued state-enabled publication and enforcement activity after statutory termination" and "Plaintiffs allege that after statutory cure terminated foreclosure authority, state-enabled foreclosure status remained active and continued to affect Plaintiffs' property rights." Docket No. 66 at 3.

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.' Thus, under the state action doctrine, a proper defendant in a § 1983 action is one who represents the state in some capacity." *Schwab v. Kansas Dep't of Child. & Fams.*, 851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted). Private entities can be considered state actors under § 1983 if they engage in conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (U.S. 1982). *Lugar* established a "two-part approach to this question of 'fair attribution'":

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Id.* *Lugar* held that a party may fairly be said to be a state actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

The Court agrees that plaintiffs' complaint fails to allege defendants engaged in conduct that is fairly attributable to the state. "A private individual does not engage in state action simply by availing herself of a state procedure." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000). *Lugar* also cautioned, that without a limit on what constitutes a state actor, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Lugar*, 457 U.S. at 937. These principles apply to private parties who initiate foreclosure proceedings under Colo. R. Civ. P. 12. *Silva v. U.S. Bank, Nat'l Ass'n as Tr. under Pooling & Serv. Agreement as of Feb. 1, 2007, GSAMP trust 2007-NCI*, 817 F. App'x 545, 550 (10th Cir. 2020) (unpublished) (holding that plaintiff failed to allege state action under § 1983 against parties involved in Colo. R. Civ. P. 120 proceedings because plaintiff "relied strictly on these private defendants' use of state processes to support her theory of state action, which is not enough for the conduct to be fairly attributable to the state"); *MacIntyre v. Supreme Ct. of Colo.*, No. 20-cv-03559-CNS-SKC, 2023 WL 4230603, at *4 (D. Colo. June 28, 2023) ("Consistent with Tenth Circuit precedent, the Court fully agrees with the Magistrate Judge's conclusion that a bank like Defendant Chase does not become a state actor when it seeks to enforce its contractual or legal right to commence and pursue a judicial foreclosure of property in state court.") (internal quotations and citation omitted). Thus, the private defendants' participation in the Rule 120 Proceedings is insufficient to allege state action.

In their objection, plaintiffs claim that, rather than their state action allegations depending on the private defendants' utilization of the state foreclosure process, "Plaintiffs' pleaded theory is that **authority ended at reinstatement,** and the harm flowed from Defendants' continued publication and enforcement **after** that statutory cutoff." Docket No. 66 at 3-4. However, the complaint contains no allegations supporting this theory. While the complaint alleges that MSR Holdings uploaded "exhibits" to a closed case, Docket No. 1 at 6, ¶ 29; that Zillow listed plaintiffs' house as being for sale, *id*. at 7, ¶ 34; and that plaintiffs were compelled to file an Intent to Cure, *id*. at 9, ¶ 48, none of these allegations, or any other in the complaint, make allegations about reinstatement, publication after reinstatement, enforcement posture, or statutory cutoff. "[O]ne cannot defend against a motion to dismiss with facts not alleged in the complaint." *Stouffer v. Nat'l Geographic Partners, LLC*, 400 F. Supp. 3d 1161, 1187 (D. Colo. 2019). Thus, the Court rejects plaintiffs' objection regarding the recommendation supposedly ignoring post-foreclosure acts by the defendants. Because plaintiffs fail to plausibly allege state action against the private defendants, they fail to state a claim under 42 U.S.C. § 1983. The Court will dismiss plaintiffs' due process and unconstitutional takings claims against the private defendants pursuant to Rule 12(b)(6).

Turning to the state defendants, the recommendation finds that "the only allegation against Defendant Broerman is that he omitted Ms. Viegas's name from the initial Statement of Owners and Encumbrances" and plaintiffs do not plausibly allege that "this action deprived Plaintiffs of any life, liberty, or property." Docket No. 64 at 16. To the extent that plaintiffs sue Mr. Broerman in his official capacity, and are therefore in effect suing El Paso County, the recommendation finds that plaintiffs have failed to

plausibly allege a municipal liability claim pursuant to *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). *See id.* at 15-18. Plaintiffs argue that "Plaintiffs' claims challenge **continued state-enabled interference without lawful authority** after reinstatement terminated the right to proceed." *See* Docket No. 66 at 7. Plaintiffs contend that the fact that they cured their foreclosure means that they have plausibly alleged a violation of their due process rights. *See id.* at 7-9.

Again, defendants' conduct that occurred after plaintiffs cured their foreclosure is not alleged in the complaint and cannot be relied upon to defeat defendants' motions to dismiss. Furthermore, plaintiffs do not identify any deprivation of life, liberty, or property in their complaint or objection or explain why the due process they received during the foreclosure proceedings was insufficient. Furthermore, as the magistrate judge notes, "it is clear from the Complaint that [plaintiffs] had notice of the foreclosure before the Order Authorizing Sale was ever entered." *See* Docket No. 64 at 16. Similarly, plaintiffs do not identify any due process or property rights they were deprived of after they cured the foreclosure. They merely argue that there was "[c]ontinued publication/dissemination of an active sale date and foreclosure status" and "[w]ithdrawal reporting inconsistencies and continued downstream propagation." Docket No. 66 at 8. There are no allegations that the state defendants proceeded with the foreclosure proceedings after plaintiffs cured their default. Plaintiffs do not point to any error in the recommendation's findings regarding their *Monell* claim. The Court agrees that plaintiffs fail to plausibly allege a *Monell* claim against El Paso County. Accordingly, the Court will dismiss plaintiffs' § 1983 claims against the state defendants pursuant to Rule 12(b)(6).

The magistrate judge recommends that plaintiffs' § 1983 unconstitutional takings and due process claims be dismissed with prejudice. Docket No. 64 at 18-19. "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). The allegations in the complaint show that the only basis for plaintiffs' allegation that defendants are state actors is their participation in the Rule 120 Proceedings. Even though plaintiffs attempt to expand the scope of the complaint by referring to post-foreclosure conduct, they fail to allege such conduct in any detail, resorting to mere generalities. Moreover, plaintiffs have not filed a motion to amend the complaint to add such allegations. Plaintiffs also fail to identify any due process or property rights that they were deprived of by the state defendants and fail to state a claim under *Monell*. Instead, plaintiffs rely on allegations that are outside the complaint. Therefore, the Court finds that amendment would be futile and dismissal with prejudice is proper. The Court will overrule plaintiffs' objection.

### C. Fair Debt Collection Act Claim

The recommendation finds that, "[c]onsidering the fact that each of the alleged FDCPA violations appear to have been taken in the course of the non-judicial foreclosure, Plaintiffs have failed to state an FDCPA claim." Docket No. 64 at 21. The recommendation finds that, because "[d]efendants' actions [were] taken solely within the non-judicial foreclosure," defendants are not debt collectors pursuant to the FDCPA. *Id.* at 21-22. The recommendation also finds that "Plaintiffs' only other allegations supporting the debt collector element is the conclusory statement, parroting the statute itself, that Defendants 'regularly collected or attempted to collect debts owed or alleged

to be owed to another and thus were 'debt collectors' within the meaning of 15 U.S.C. § 1692a(6).'" *Id.* at 22 (quoting Docket No. 1 at 15).

Plaintiffs argue that they have "alleged **debt-collection communications**" that implicates the FDCPA. *See* Docket No. 66 at 9-10. Plaintiffs argue that the recommendation erred because it did not analyze their FDCPA claim under 15 U.S.C. § 1692f(6). *See id.* at 10. Plaintiffs contend that their allegations regarding defendants' conduct after they cured their default "plausibly implicate § 1692f(6)." *Id.*

While plaintiffs assert that they have plausibly alleged a FDCPA claim based on "debt-collection communications," they fail to cite allegations of such communications from the complaint that the recommendation failed to consider. *See id.* at 9-10. Furthermore, plaintiffs did not bring their FDCPA claim pursuant to § 1692f(6) and, therefore, the magistrate judge did not err in not analyzing this provision. *See* Docket No. 1 at 15-16. Plaintiffs cannot survive a motion to dismiss by asserting causes for actions that were not brought in the complaint. Similarly, plaintiffs cannot rely on their allegations regarding conduct that occurred after plaintiffs cured their default because these allegations are not in the complaint.

Even if plaintiffs' complaint had asserted a claim under § 1692f(6) and alleged facts regarding activity that took place after plaintiffs had cured, they nevertheless would fail to state an FDCPA claim. "For § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019). Section 1692f(6) provides that the following is unlawful:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

Plaintiffs contend that their claim is based on § 1692f(6)(A), arguing that "Plaintiffs' theory is that Defendants threatened or maintained dispossession pressure and foreclosure status **without a present right to possession** because (a) reinstatement terminated the right to proceed under § 38-38-104, and (b) authority to enforce was disputed under defective or unauthorized instruments." Docket No. 66 at 10. However, plaintiffs' assertion that defendants "threatened or maintained dispossession or foreclosure status" is devoid of factual support that demonstrates defendants threatened to take nonjudicial action or took nonjudicial action to effect the foreclosure despite plaintiffs having cured their default. And plaintiffs do not explain what "unauthorized instruments" defendants used to threaten foreclosure. Accordingly, the Court finds that, even if plaintiffs had properly alleged a § 1692f(6) claim in their complaint, they fail to state a claim for relief. *See Tevolitz v. Clear Recon Corp.*, 2023 WL 1929553, at *6 (D. Ariz. Feb. 10, 2023), *aff'd,* 2024 WL 3508514, at *6 (9th Cir. July 23, 2024) ("Plaintiff merely offers conclusory assertions that the Loan was paid off and that Plaintiff herself is not a party to any contract with Defendants. Such conclusory assertions are insufficient to state a claim for an FDCPA violation [under § 1692f(6)]."); *see Evans v. Geheren Firm, P.C.*, 2011 WL 13220821, at *7 (N.D. Ga. Nov. 7, 2011) ("Plaintiff does not provide any information on how exactly these threats were

manifested, such as the dates they were made and their content. Without this information, Plaintiff cannot state a claim under § 1692f(6).”). Accordingly, the Court will overrule plaintiffs’ objection and dismiss this claim. Furthermore, the Court finds that dismissal with prejudice is proper because amendment would be futile. Throughout plaintiffs’ complaint and objection, there is no indication that defendants threatened to take non-judicial action to effect foreclosure after plaintiffs cured their default. In fact, there is no indication that defendants participated at all in the Rule 120 Proceedings after plaintiffs cured because, once plaintiffs cured their default, the Rule 120 Proceedings were dismissed. *See TH MSR Holdings*, Case No. 2025CV030836.

### D. **Claim Fifteen: Unfair, Deceptive, Abusive Acts or Practices Claim, 12 U.S.C. § 5536**

The magistrate judge recommends dismissal of Claim Fifteen given that there is no private right of action under this statute. *See* Docket No. 64 at 23-24. Plaintiffs argue that, “[t]o the extent Plaintiffs’ pleading invoked § 5536 as an independent cause of action, Plaintiffs object to dismissal with prejudice at the pleading stage because amendment is not futile: Plaintiffs can replead the same conduct under viable state consumer protection statutes and other available causes of action once discovery clarifies which entities qualify as covered persons/service providers and what communications and practices occurred.” *See* Docket No. 66 at 11. Plaintiffs’ objection fails to show that amendment of their § 5536 claim would not be futile given that there is no private right of action, which no amount of discovery could remedy. They also fail to identify other “viable causes of action” and, as discussed below, the Court declines to exercise supplemental jurisdiction over plaintiffs’ state law claims. Accordingly, the Court will dismiss this claim with prejudice.

### E. State Claims

Plaintiffs' remaining claims are state law claims, which the magistrate judge recommends declining supplemental jurisdiction over. Docket No. 64 at 24. Given that the Court will overrule plaintiffs' objections and dismiss their federal claims, the Court agrees that it is appropriate to decline the exercise of supplemental jurisdiction. *See Aery v. Bd. of Cnty. Comm'rs of Tulsa Cnty.*, 696 F. App'x 360, 361 (10th Cir. 2017) (unpublished) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (citation omitted).

The Court will also overrule the Lender Defendants' objection to the magistrate judge's recommendation that the Court decline supplemental jurisdiction over plaintiffs' state law claims. *See* Docket No. 65 at 9-12. Although the Court may exercise supplemental jurisdiction over a state law claim if there is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has instructed that, "if federal claims are dismissed before trial, leaving only issues of state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the contrary." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010), *abrogated by Torres v. Madrid*, 592 U.S. 306 (2021) (brackets, citations, and internal quotation marks omitted). This rule is consistent with "[n]otions of comity and federalism," which "demand that a state court try its own lawsuits." *Id.* at 1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)); *see also Aery*, 696 F. App'x at 361 ("When all federal claims have

been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (citation omitted).

The Court finds that there are not "compelling reasons" to exercise supplemental jurisdiction where the Court will dismiss all of plaintiffs' federal claims. *See Brooks*, 614 F.3d at 1229-30. "[A]ny potential delay or duplication resulting from a dismissal without prejudice does not constitute a compelling reason to retain jurisdiction." *United States v. Ledford*, No. 10-cv-01351-PAB-MEH, 2012 WL 1079552, at *3 (D. Colo. Mar. 30, 2012). Thus, the Lender Defendants' desire to avoid litigation of what it perceives to be meritless and duplicative claims in the state court is not a compelling reason to deviate from the general rule that supplemental jurisdiction should be declined where all federal claims will be dismissed. Accordingly, the Court will dismiss without prejudice plaintiffs' state law claims.

### F. <u>Leave to Amend</u>

In plaintiffs' objection, they ask that the Court "permit amendment." Docket No. 66 at 15. As an initial matter, plaintiffs never moved for leave to amend their complaint. The Tenth Circuit has "made clear that a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based." *See Borsody v. Frontier Heritage Cmtys.*, 2026 WL 1894906, at *7 (10th Cir. June 15, 2026) (internal quotation and citation omitted).

Even if plaintiffs had properly moved for leave to amend, the Court finds that denial of leave to amend is proper. "Even though pro se parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment where it

is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *See id.* (alterations and citation omitted). As stated above, plaintiffs' federal claims will be dismissed with prejudice because plaintiffs fail to plausibly allege a claim for relief and amendment would be futile. Accordingly, the Court will overrule plaintiffs' objection and dismiss their federal claims with prejudice and dismiss their state law claims without prejudice.

### G. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

The magistrate judge recommends dismissal of plaintiffs' claims for injunctive and declaratory relief because they are moot. *See* Docket No. 64 at 10-12. The recommends finds that, given that plaintiffs "seek a declaration that the Order Authorizing Sale is void and an injunction halting all foreclosure activity" and that the Rule 120 Proceedings have been dismissed, plaintiffs' claims are moot. *See id.* at 11-12. Plaintiffs do not object to the magistrate judge's finding. The Court agrees that plaintiffs' claims are moot. Accordingly, the Court will dismiss without prejudice plaintiffs' claims for injunctive and declaratory relief.

The magistrate judge recommends dismissal with prejudice of plaintiffs' claims for civil conspiracy. *See id.* at 19-20. The recommendation finds that "Plaintiffs have not plausibly alleged a claim against any Defendant under either Section 1985 or Section 1986" because "Plaintiffs never identify their race or membership within any

protected class in the Complaint . Nor do Plaintiffs allege that any Defendant was motivated by Plaintiffs' race or other protected characteristic to enter a conspiracy." *Id.* at 20. Plaintiffs do not object to this finding. The Court agrees that plaintiffs have failed to state a claim for civil conspiracy. Furthermore, the Court agrees that dismissal with prejudice is proper because amendment would be futile: there is no indication that plaintiffs are members of a protected class, and, even if they are, there is no indication that such membership motivated defendants' conduct throughout the Rule 120 Proceedings. Accordingly, the Court will dismiss plaintiffs' civil conspiracy claims with prejudice.

The magistrate judge recommends dismissal with prejudice of plaintiffs' claim pursuant to the Anti-Peonage Act, 42 U.S.C. § 1994. *See id.* at 22-23. The recommendation finds that "the Complaint in no way alleges that Defendants held Plaintiffs in a state of peonage"; "even if Plaintiffs had made factual allegations of peonage, dismissal would still be warranted because the Anti-Peonage Act requires state action"; and "Plaintiffs have not alleged that any peonage was the result of acts, laws, resolutions, orders, regulations, or usages of any State." *Id.* (internal quotation and citations omitted). Plaintiffs do not object to the finding, and the Court agrees with the recommendation that the Anti-Peonage Claim be dismissed. Furthermore, the Court agrees that dismissal with prejudice is proper given that plaintiffs cannot identify any acts of peonage and that no private right of action exists absent state action.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 64] is **ACCEPTED**. It is further

**ORDERED** that Plaintiffs' Emergency Motion for Reconsideration and Request for Temporary Administrative Stay [Docket No. 25] is **DENIED as moot.**[2] It is further

**ORDERED** that Brian Sayer's Motion to Dismiss [Docket No. 26] is **GRANTED**. It is further

**ORDERED** that Zillow's Motion to Dismiss [Docket No. 34] is **GRANTED**. It is further

**ORDERED** that Judge McPhersons's Motion to Dismiss [Docket No. 36] is **GRANTED**. It is further

**ORDERED** that Jamie G. Siler's Motion to Dismiss [Docket No. 40] is **GRANTED**. It is further

**ORDERED** that El Paso County and Trustee Broerman's Motion to Dismiss [Docket No. 58] is **GRANTED**. It is further

**ORDERED** that the Lender Defendants' Motion to Dismiss [Docket No. 60] is **GRANTED**. It is further

**ORDERED** that plaintiffs' claims for injunctive and declaratory relief, Claims Ten and Twelve, are **DISMISSED without prejudice.** It is further

[2] Given the Court's finding that plaintiffs have not plausibly alleged a claim for relief, plaintiffs' motion requesting that the Court reconsider its order denying plaintiffs' motion for a temporary restraining order is moot. *See Woo v. Williams*, No. 23-cv-03084-LTB-RTG, 2024 WL 6820829, at *1 (D. Colo. Oct. 23, 2024) ("Because [plaintiff's] claims will be dismissed, the motion for a temporary restraining order becomes moot.").

**ORDERED** that plaintiffs' federal claims, Claims One, Two, Three, Four, Nine, Fourteen, Fifteen, and Sixteen[3] are **DISMISSED with prejudice**. It is further

**ORDERED** that the Court declines supplemental jurisdiction over plaintiffs' remaining state law claims, Claims Five, Six, Seven, Eight, Eleven, Thirteen, and Seventeen, and such claims are **DISMISSED without prejudice.** It is further

**ORDERED** that this case is closed.

DATED September 23, 2026

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[3] In regards to Claim Sixteen, entitled "Fraudulent Scheme to Deprive Property (18 U.S.C. §§ 1341, 1343 – incorporated civilly)," the recommendation finds that "Plaintiffs do not appear to be bringing this claim independently, but instead assert it because it 'demonstrates a pattern of fraudulent conduct relevant to punitive damages, civil conspiracy, and the underlying § 1983 and fraud claims.'" Docket No. 64 at 13 n.4 (citing Docket No. 1 at 18). The recommendation also finds that, "[t]o the extent Plaintiffs do intend to bring a separate civil claim under the federal wire or mail fraud statutes, this claim fails as neither Section 1341 nor Section 1343 create a private right of action." *Id.* Plaintiffs do not object to the magistrate judge's finding that there is no private right of action available under §§ 1341 and 1343 and confirm the magistrate judge's understanding that Claim Sixteen is not a standalone claim. *See* Docket No. 66 at 11. Because the Court will dismiss all of plaintiffs' claims, including their "fraud-based causes of action," *see* Docket No. 66 at 11, and no private right of action is available, the Court will dismiss Claim Sixteen with prejudice.